| DEJUAN D. KENDRICK, INDIVIDUALLY AND AS TUTRIX OF HER MINOR CHILD, JUELZ AMYRION KENDRICK | * | NO. 2020-CA-0474 |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| ESTATE OF ANTHONY MICHAEL BARRE, ANGEL C. BARRE, BARBARA C. BARRE AND STANFORD BARRE | * | |
| | * | |
| | * * * * * * * | |

**LEDET, J., CONCURS WITH REASONS**

Although I agree with the majority's decision to reverse the trial court's March 28, 2019 judgment, I would arrive at that result in a different manner. First, I would find the trial court properly considered the Amended and Supplemental Petition for Filiation and Child Support (the "Pleading"). A trial court has vast discretion to allow pleadings to be amended. *See FIE, LLC v. New Jax Condo Ass'n*, 16-0843, p. 42 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 400. Defendants voiced no objection to the filing of the Pleading, which the trial court considered at the hearing on the exceptions. Any objection to the Pleading was waived.

Second, I would find the trial court erred in sustaining the exceptions of prescription, no right of action, and no cause of action. The trial court granted all three exceptions based on its finding that the plaintiff's filiation action was untimely under La. C.C. art. 927.

Article 927 provides that a filiation action is subject to a one-year peremptive period from the alleged father's date of death "[f]or purposes of succession only." La. C.C. art. 927. Here, however, plaintiff's stated purpose for filing the Pleading was filiation and support, not for succession purposes. As plaintiff contends, "[o]nce a child proves filiation, he has a right to support from his parents." Thus, filiation is a necessary step to obtaining the right to seek support.

1

Accordingly, I would reverse the trial court's judgment sustaining the exceptions. I would also find that the trial court erred in denying plaintiff's request to set the matter for hearing and for DNA testing. For the foregoing reasons, I respectfully concur.